The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before then Deputy Commissioner Mavretic and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Utica National Insurance Group was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was $400.00, yielding a compensation rate of $266.68.
5. Plaintiff's medical records were stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing in this matter, plaintiff was 36 years old. He completed the eighth grade in school. Plaintiff worked as an electrician for defendant-employer, and at the time of the injury giving rise to this claim had been so employed for approximately five years.
2. On March 19, 1992, plaintiff sustained an injury while he was working between floors of the Abbott Labs plant in Rocky Mount. As he was trying to step on some duct work, he slipped and fell, catching himself before falling to the floor. As a result of the incident, plaintiff injured his low back and right hip.
3. Plaintiff was treated by Dr. Tom Rand, an orthopedic surgeon. As a result of the incident on March 19, 1992, plaintiff has lumbosacral sprain which aggravated his preexisting but previously asymptomatic degenerative disk disease.
4. On April 29, 1992, plaintiff first complained to Dr. Rand about soreness in his neck. On October 27, 1992, plaintiff reported that the neck pain radiated into his arm, causing numbness.
5. Dr. Rand referred plaintiff to Dr. Craig Derian, an orthopedic surgeon, who first examined plaintiff on March 4, 1993. Further tests showed that plaintiff has cervical degenerative disk disease with a possible herniated nucleus pulposus at C5-6. There is insufficient medical evidence from which to prove by its greater weight that plaintiff's neck and arm condition are causally related to the compensable incident on March 19, 1992.
6. Plaintiff was paid temporary total disability compensation pursuant to the Form 21 Agreement for a period of 6 and 4/7ths weeks, beginning March 19, 1992. At the end of that period of temporary total disability, plaintiff returned to work for defendant-employer and continued working until July 1993, at which time he was laid off. Since that time, plaintiff has earned from $200.00 to $400.00 a week doing odd jobs such as painting and wallpapering.
7. As a result of the injury by accident on March 19, 1992, plaintiff has a four percent permanent functional impairment to the back.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On March 19, 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. The plaintiff is entitled to no additional temporary total disability compensation since he has wage earning capacity to earn $400.00 a week, the average weekly wage he earned at the time of his injury, following his layoff by defendant-employer in July 1993. N.C. Gen. Stat. § 97-30.
3. Plaintiff is entitled to compensation at the rate of $266.68 per week for twelve weeks for the four percent permanent partial disability sustained to his back as a result of the compensable injury by accident. N.C. Gen. Stat. § 97-31(23).
4. Defendant-employer shall pay all medical expenses incurred, or to be incurred, by plaintiff as the result of his compensable injury on March 19, 1992, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability. The approved medical expenses do not include treatment of plaintiff's neck and arm condition, which are not causally related to the compensable injury by accident. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant-employer shall pay compensation to plaintiff at the rate of $266.68 per week for twelve weeks for the four percent permanent partial disability he sustained to his back as a result of the compensable injury by accident. This compensation has accrued and shall be paid in a lump sum, subject to the attorney's fee approved below.
2. Defendant-employer shall pay all medical expenses incurred, or to be incurred, by plaintiff as the result of his compensable injury on March 19, 1992, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability, when bills for the same have been submitted through defendant-employer to the Industrial Commission and approved by the Commission. The approved medical expenses do not include treatment of plaintiff's neck and arm.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff in Paragraph 1 of this Award is approved for plaintiff's counsel and shall be deducted from the lump sum due plaintiff and paid directly to his counsel.
4. Defendant-employer shall pay the costs.
This is the 9th day of April, 1997.
 S/ ____________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ____________ J. RANDOLPH WARD COMMISSIONER
S/ ____________ BERNADINE S. BALLANCE COMMISSIONER